UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

IN RE:  CASE NO: 17-50116-KKS
CHAPTER 7

WHITE, RICARDO FREDERICK
WHITE, CHRISTINE CARRIE,

    Debtor(s).
_____/

MARY W. COLÓN, TRUSTEE,

    Plaintiff,

vs.  Adversary Case No. _____

JAMES A. WHITE and JULIAN D. FERNANDEZ,

    Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff, MARY W. COLÓN, CHAPTER 7 TRUSTEE, by and through her undersigned attorney, and sues the Defendants, JAMES A. WHITE and JULIAN D. FERNANDEZ and states:

1. Plaintiff, MARY W. COLÓN, CHAPTER 7 TRUSTEE (hereinafter "Trustee" or "Plaintiff") is the duly appointed Chapter 7

Bankruptcy Trustee in the Chapter 7 case of Ricardo Frederick White and Christine Carrie White, Case No. 17-50116 - KKS.

2. Defendant James A. White, based on information and belief, is a resident of Alabama.

3. Defendant Julia Duke Fernandez, based on information and belief, is a resident of Georgia.

4. At the time of filing, Debtor RICARDO FREDERICK WHITE and JAMES A. WHITE were the co-owners of property located at 3817 Moss Hill Road, Chipley, Florida more specifically described as follows:

> Commence at the Northwest corner of the SW 1/4 of the NW 1/4 of Section 17, Township 2 North, Range 14 West for a Point of Beginning, thence run N 89°15'28"E for 1334.73 feet, thence S 01°57' 03"E for 1668.36 feet to a point of intersection with the right-of-way of state Road #279, thence along said right-of-way S 44° 43'47"W for 51.55 feet, thence along said right-of-way N 45°16' 13"W for 1575.00 feet, thence along said right-of-way S 44°43'47" W for 10.00 feet, thence along said right-of-way N 45°16'13"W for 303.93 feet to the West line of the SW 1/4 of the NW 1/4 of Section 17, Township 2 North, Range 14 West, thence N 02°02'06"w for 391.75 feet to the Point of Beginning; said parcel being that portion of the SW 1/4 of the NW 1/4 and the NW 1/4 of the SW (1/4) of Section 17. Township 2 North, Range 14 West, lying North and East of the right-of-way of State Road S-279, more or less, in Washington County, Florida.

hereinafter "the Property".

5.   A copy of the deed is attached hereto as Exhibit "A".

6.   The property was acquired by Debtor and Defendant James A. White in 1995.[1]

7.   Defendant Julian Fernandez attempted to convey his interest to the property to Debtor and Defendant James A. White in 1995.

8.   The property has equity.

9.   Trustee has attempted to sell the Estate's share in the property to James A. White but Defendant White has failed to complete a purchase.

10.  The property appraiser estimates the value at $49,230.00.

11.  The current mortgage balance is estimated to be less than $7,000.

12.  The Court has jurisdiction over the subject matter of and parties to this action

13.  All conditions precedent to the bringing of this action have been performed and/or have occurred.

---

[1] Prior to this time, Debtor Ricardo White and Defendant Julian Duke Fernandez were in title to the property.

## Count I
## Sale of Property

14. Pursuant to 11 U.S.C. §363(h) a trustee may sell both the estate's interest and the interest of any co-owner in property.

15. Plaintiff incorporates by reference paragraphs one through thirteen above.

16. The partition in kind of the Property is impracticable due to the shape of the property.

17. The sale of the estate's one-half interest would realize significantly less than a sale of the entire property.

18. The benefit to the estate is greater than the detriment to the co-owner. This is the main asset subject to administration.

19. The co-owner will be paid for his interest in the property.

20. The Property is not used in the production, transmission, or distribution, for sale of electric energy or natural or synthetic gas for heat, light, or power.

WHEREFORE, Plaintiff Mary W. Colón, chapter 7 trustee, respectfully requests entry of a judgment against Defendant James A.

White authorizing Trustee to market the property for sale and to sale the property upon motion and approval by this Court in the administrative case and granting such further relief as this court deems proper.

## Count II
## Declaratory Judgment

21. Defendant Julian Duke Fernandez has been named as he may have an interest in the property due to the nature of the deed he signed. It is unclear whether the deed was properly witnessed and notarized from the recorded copy.

22. Plaintiff incorporates by reference paragraphs one through thirteen above.

23. The claim of Defendant Julian Duke Fernandez is without any right whatsoever, and Defendant Fernandez has no right, estate, title, lien or interest in or to the Property, or any party of the Property.

24. Defendant Fernandez has abandoned the Property. The Plaintiff and James A. White now have possession of the Property.

25. Plaintiff is unable to convey the Property until this matter is resolved.

26. The rights and status of the Plaintiff may be determined b this Court pursuant to Fla. Stat. s. 86.021, and the Plaintiff may obtain from this Court a declaration of Plaintiff's rights and status thereunder, pursuant to this Court's powers under Chapter 86, Florida Statutes.

WHEREFORE, Plaintiff, MARY W. COLÓN, CHAPTER 7 TRUSTEE, respectfully requests entry of a judgment quieting title to the property in Plaintiff and James A. White and granting such further relief as this Court deems appropriate.

DATED this March 8, 2018.

/s/ Mary W. Colón
MARY W. COLÓN
Smith, Thompson, Shaw, et al
Florida Bar No. 0184012
Post Office Box 14596
Tallahassee, FL. 32317
Telephone: (850) 241-0144
Fax: (850) 702-0735
trustee@marycolon.com

QUIT-CLAIM DEED—File 9                                                 S. S. & P. Co., Valdosta

**FLORIDA**
~~GEORGIA~~, **WASHINGTON** County.

THIS INDENTURE, made and entered into this **25TH** day of **AUGUST** in the year of our Lord, Nineteen Hundred and **97**, between **JULIAN D. FERNANDEZ** of the State of **GEORGIA** and the county of **LOWNDES** of the first part, and **RICARDO F. WHITE AND JAMES A. WHITE** of the State of **TENNESSEE** and the County of **HAMILTON** of the second part.

WITNESSETH: That the said part**Y** of the first part, for and in consideration of the sum of **TEN AND 00/100** Dollars cash in hand paid, the receipt whereof is hereby acknowledged, ha**S** bargained and sold by these presents, do**ES** remise, release and forever Quit-claim to said part**IES** of the second part **THEIR** heirs and assigns, all the right, title, interest, claim or demand the said part_____ of the first part, ha**D**, and may have had in all that tract or parcel of land, situate, lying and being in

DOC TAX PAID #0.70
BY _James Bodio_
DEPUTY CLERK

Commence at the Northwest corner of the SW 1/4 of the NW 1/4 of Section 17, Township 2 North, Range 14 West for a Point of Beginning, thence run N 89°15'28"E for 1334.73 feet, thence S 01°57'03"E for 1668.36 feet to a point of intersection with the right-of-way of State Road #279, thence along said right-of-way S 44°43'47"W for 51.55 feet, thence along said right-of-way N 45°16'13"W for 1575.00 feet, thence along said right-of-way S 44°43'47"W for 10.00 feet, thence along said right-of-way N 45°16'13"W for 303.93 feet to the West line of the SW 1/4 of the NW 1/4 of Section 17, Township 2 North, Range 14 West, thence N 02°02'06"W for 391.75 feet to the Point of Beginning; said parcel being that portion of the SW 1/4 of the NW 1/4 and the NW 1/4 of the SW 1/4 of Section 17, Township 2 North, Range 14 West, lying North and East of the right-of-way of State Road S-279, more or less, in Washington County, Florida.

Inst:▓▓▓▓ Date:01/09/2003 Time:09:24
Doc Stamp-Deed : 0.70
_SW_ DC, LINDA H. COOK, WASHINGTON County B:466 P:134

With all and singular the rights, members and appurtenances to said described property, in any wise appertaining and belonging.

TO HAVE AND TO HOLD the said described property to the said part_____ of the second part, so that neither the said part**Y** of the first part nor **HIS** heirs, nor any other person or persons claiming under **HIM**, shall at any time hereafter, by any way or means, have, claim or demand any right or title to the aforesaid described property, or its appurtenances or any part thereof.

IN TESTIMONY WHEREOF the said part**Y** of the first part ha**VING** hereunto set **HIS** hand and seal the day and year first above written.

Signed, sealed and delivered in presence of
_witness_ 8/25/97      _Julian D. Fernandez_ (Seal) 8/25/97
_[signature]_      _James A. White_ (Seal)
Notary Public _Lowndes_ County, Ga.      FOR RICARDO F. WHITE
     _James A. White_ P.O.A. (Seal)
County State
Hamilton Tennessee      _Ricardo F. White_ 9/22/02
_[signature] R White_ 9-22-02      _James A. White_ 9/22/02
Notary for
_Ricardo and James A. White_

EXHIBIT "A"

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Mary W. Colon, Trustee | **DEFENDANTS**<br>James A. White and Julian D. Fernandez |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Smith, Thompson et al, 3520 Thomasville Rd<br>4th Floor, Tallahassee, FL 32309<br>(850) 893-4105 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Approval of sale of property and declaratory judgment.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☒ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR Ricardo Frederick White and Christine Carrie White | BANKRUPTCY CASE NO. 17-50116-KKS | | |
| DISTRICT IN WHICH CASE IS PENDING Northern District of Florida | DIVISION OFFICE Panama City | | NAME OF JUDGE Karen K. Specie |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE March 8, 2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Mary W. Colon, Chapter 7 Trustee | | |

**INSTRUCTIONS**

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.